[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 9, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-14943
Non-Argument Calendar

_____

Agency No. A088-835-002

YANG FENGYAN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(June 9, 2009)

Before BARKETT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Petitioner Yang Fengyan, through counsel, seeks review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") order dismissing her application for asylum, denying her application for withholding of removal under the Immigration and Nationality Act ("INA"), and denying her relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT").

On appeal, Fengyan argues that we should waive the one-year deadline for filing an asylum application due to extraordinary circumstances. In addition, Fengyan argues that substantial evidence does not support the IJ's adverse credibility finding supporting the denial of her application for withholding of removal under the INA or CAT.

## I. Asylum

We review our subject matter jurisdiction de novo. Frech v. U.S. Atty. Gen., 491 F.3d 1277, 1280 (11th Cir. 2007). An alien can apply for asylum if he "demonstrates by clear and convincing evidence that the application has been filed within [one] year after the date of the alien's arrival in the United States." 8 U.S.C. § 1158(a)(2)(B). The BIA may consider a late application "if the alien demonstrates . . . either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application within the period specified." 8 U.S.C.

2

§ 1158(a)(2)(D). Section 1158(a)(3), however, divests us of jurisdiction to review any such determination. See 8 U.S.C. § 1158(a)(3); and see Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003). Because we lack jurisdiction to consider Fengyan's asylum claim, we dismiss her petition in this respect.

## II. Withholding of Removal

When the BIA issues a decision, we review only that decision, "except to the extent that it expressly adopts the IJ's opinion." Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). "Insofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well." Id. Because the BIA issued its own decision but adopted the IJ's reasoning with respect to the IJ's adverse credibility determination, we review both opinions.

We review the IJ and BIA's legal conclusions de novo. Al Najjar, 257 F.3d at 1284. The IJ and BIA's factual determinations, including adverse credibility findings, are reviewed under the substantial evidence test, and we must affirm "if [they are] supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. at 1283-84 (quotation omitted); and see Chen v. U.S. Att'y Gen., 463 F.3d 1228, 1230-31 (11th Cir. 2006).

Because the IJ explicitly found that Fengyan's testimony lacked veracity, credibility, plausibility, and candor, and because the BIA adopted this finding, the burden shifted to Fengyan to show that it was not supported by specific, cogent

3

reasons or was not based on substantial evidence. Substantial evidence supports the IJ and BIA's adverse credibility finding and this Court should deny her petition in this respect.

First, the IJ provided specific, cogent reasons for doubting Fengyan's veracity, including that her demeanor was evasive, portions of her testimony were unbelievable or implausible, and some of her responses were contradictory. Second, the totality of the circumstances supports the IJ's conclusion, including that Fengyan (1) asked several questions to be repeated, (2) testified that she did not know where she entered the United States, where she was beaten on her body while in police custody, the details of her domestic addresses, and whether there were other churches in China, (3) testified that she flew from New York to Miami without valid documentation, and (4) testified first that the underground church consisted of a few people, and later that it involved 40 to 50 people meeting a few times a week at members' homes.

Third, the IJ and BIA properly considered the supporting documentation in the record and, in light of the credibility problems discussed above, they were entitled to give minimal weight to unauthenticated letters and an unauthenticated hospital record Fengyan provided. Further, while background articles confirmed the occurrence of religious persecution in parts of China, they did not mention Fujian – Fengyan's home province – and she failed to present evidence of her

4

continued involvement in the Christian church in support of her claim that she will be singled out for persecution upon her return. Thus, substantial evidence supports the IJ and BIA's adverse credibility finding and the denial of Fengyan's withholding of removal claim.

## III. CAT Relief

Because Fengyan's appeal to the BIA did not challenge the IJ's finding that she was not entitled to CAT relief, we lack jurisdiction to review this claim as well. See Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006). Likewise, she failed to exhaust her claim that she will suffer persecution upon her return for departing China illegally and, regardless, possible sanctions for illegal departure from China would not constitute persecution on the basis of a statutorily protected ground. Lin v. U.S. Att'y Gen., 555 F.3d 1310, 1316 (11th Cir. 2009).

**PETITION DISMISSED IN PART, DENIED IN PART.**