[ PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 17, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-13003
Non-Argument Calendar
_____

D. C. Docket No. A76-891-260

LILIAM CENTENO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,
DEPARTMENT OF JUSTICE,

Respondents.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 17, 2006)**

Before MARCUS, WILSON and HILL, Circuit Judges.

PER CURIAM:

Liliam Centeno, a native and citizen of Nicaragua, seeks review of the Board of Immigration Appeals' ("BIA") decision, affirming the Immigration Judge's ("IJ") order denying her application for adjustment of status under the Nicaraguan Adjustment and Central American Relief Act of 1997 ("NACARA"), Pub.L.No. 105-100, § 202, 111 Stat. 2160, 2193 (1998). The IJ found that Centeno had provided no statutorily sufficient evidence to establish her presence in the United States prior to December 1995, and, therefore, she was statutorily ineligible for permanent resident status.

Centeno argues that she presented sufficient evidence to establish her presence in the United States prior to December 1995, because 8 C.F.R. 245.13 uses permissive language, and, thus, the types of evidence enumerated there are illustrative, rather than exhaustive. Therefore, she contends, an envelope bearing a Nicaraguan postal mark reading "Navidad 1995" and addressed to her in Miami, Florida, was sufficient proof of her presence in the United States, especially since the address contained on that envelope was consistent with the information contained in a Department of Justice "Biographical Information" form, also submitted to the court.

Before considering the merits of a petition, we "must first consider whether we have subject matter jurisdiction to hear the petition at all." *Resendiz-Alcaraz v.*

2

*U.S. Att'y Gen.*, 383 F.3d 1262, 1266 (11th Cir. 2004). Section 202(f) of NACARA states that "[a] determination by the Attorney General as to whether the status of any alien should be adjusted under this section is final and shall not be subject to review by any court." *Id.* Additionally, we have held that "[a] decision by the Attorney General regarding whether an alien established that his status should be adjusted under NACARA is not review able by any court." *Ortega v. U.S. Att'y Gen.*, 416 F.3d 1348, 1350 (11th Cir. 2005). As the IJ, affirmed by the BIA, has denied Centeno's application for adjustment of status under the NACARA, we are without jurisdiction to review this decision, and the petition must be dismissed.

Accordingly, the petition is

DISMISSED