[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-11183
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 5, 2010
JOHN LEY
CLERK

Agency No. A098-679-956


PRASADKUMAR SHANKAR NAIK,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(November 5, 2010)

Before TJOFLAT, WILSON and FAY, Circuit Judges.

PER CURIAM:

Prasadkumar Shankar Naik, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from the Immigration Judge's ("IJ") order of removal, which denied his application for asylum, withholding of removal under the Immigration and Nationality Act ("INA"), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"), 8 U.S.C. §§ 1158, 1231(b)(3); 8 C.F.R. § 208.16. He argues, first, that he established extraordinary circumstances justifying the untimely filing of his asylum application, and that this is a mixed question of law and fact that this Court has jurisdiction to review. He further argues that he is eligible for withholding of removal due to the employment discrimination he experienced on the basis of his position in the Indian caste system.[1] For the reasons set forth below, we dismiss the petition for review in part and deny it in part.

I.

Naik entered the United States in 2000 on a C-1 nonimmigrant-in-transit visa. In 2006, he was served with a Notice to Appear that charged him with

---

[1] Naik did not appeal to the BIA the denial of CAT relief, and he does not raise this issue in his brief in support of the petition for review. Accordingly, we lack jurisdiction to review it. *See Amaya-Artunduaga v. U.S. Attorney Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006) (holding that we lack jurisdiction to review an argument unless the petitioner has exhausted his administrative remedies); *Sepulveda v. U.S. Attorney Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (holding that an issue not raised in the initial brief is abandoned).

overstaying his visa without authorization, in violation of INA § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B). Naik admitted the allegations and conceded removability. In 2009, he applied for asylum, withholding of removal, and CAT relief based on his membership in the Mogaveera caste. He acknowledged that he was filing his application more than one year after his arrival in the United States, but explained that he was not knowledgeable about United States immigration law and had originally been advised by an attorney to seek labor certification and adjustment of status rather than asylum.

Naik testified that the Mogaveera caste is one level above the Dalits, or "untouchables," in India's caste system, and is one of the Backward Classes, the castes and communities that are officially recognized as historically disadvantaged. Because an individual's caste historically dictated the types of jobs that he or she could perform, the Mogaveera and others in the lowest castes had been limited to cleaning, agriculture, and similar work, and Naik said that employers continued to discriminate against the lower castes in hiring and advancement opportunities. The Indian government's efforts to alleviate discrimination against the Backward Classes had not been very effective. He stated that he had been working as a cook despite having earned a Bachelor of Commerce degree. He had applied for three office jobs but had not been

3

interviewed for any of them, which he believed to have been due to caste-based discrimination. He stated that it was difficult to support his parents and siblings on his salary of $50 per month, and he feared the economic hardship he would continue to face if he were to return to India. He had never been beaten or otherwise physically harmed on the basis of his caste, only discriminated against socially and in employment.

The IJ denied all of Naik's requests for relief and ordered him removed to India. He found that the asylum application was time-barred and that Naik's ignorance of the law did not satisfy the extraordinary-circumstances standard for excusing the late filing. As to withholding of removal, the IJ found Naik's testimony to be credible and consistent, and he concluded that Naik had experienced discrimination and would continue to do so upon his return to India. Nevertheless, Naik had not established a threat to his life or freedom, as mere discrimination does not rise to the level of persecution. Finally, Naik was ineligible for CAT relief because nothing in the record indicated that he was likely to be tortured on his return.

Naik appealed to the BIA the denial of asylum and withholding of removal only. The BIA dismissed his appeal, concluding that (1) Naik had not established extraordinary circumstances justifying the late filing of the asylum application, (2)

4

discrimination, without more, was insufficient to establish persecution, and (3) Naik had been able to attend college and secure gainful employment, and the record did not indicate that he lived an impoverished existence above and beyond the general economic circumstances in India.

## II.

We review our subject matter jurisdiction *de novo*. *Frech v. U.S. Attorney Gen.*, 491 F.3d 1277, 1280 (11th Cir. 2007). An alien may apply for asylum within one year of his arrival in the United States. 8 U.S.C. § 1158(a)(2)(B). The BIA may consider a late application if the alien demonstrates extraordinary circumstances justifying the delay in filing the application. *Id.* § 1158(a)(2)(D). We do not have jurisdiction to review any timeliness determination, including a finding that the alien has failed to show extraordinary circumstances. *See id.* § 1158(a)(3); *Chacon-Botero v. U.S. Attorney Gen.*, 427 F.3d 954, 956-57 (11th Cir. 2005) (citing *Mendoza v. U.S. Attorney Gen.*, 327 F.3d 1283, 1287 (11th Cir. 2003)). Therefore, we dismiss Naik's petition insofar as it seeks review of the determination that his application was untimely and he had failed to establish extraordinary circumstances justifying the late filing.

## III.

We review the BIA's decision, except to the extent that it expressly adopts

5

the IJ's opinion or relies upon his reasoning. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). Here, the BIA adopted the IJ's credibility determination but separately described its reasoning as to whether Naik had satisfied the withholding-of-removal standard, and, thus, we review only the BIA's opinion. Factual determinations are reviewed under the substantial evidence test, which requires us to "review the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." *Ruiz v. U.S. Attorney Gen.*, 440 F.3d 1247, 1255 (11th Cir. 2006). "[W]e must affirm the [BIA's] decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole," and we will not reverse unless the record compels a contrary conclusion. *Id.* at 1254-55 (quotation marks omitted).

To establish eligibility for asylum, an alien must show that he is a "refugee" under the INA by demonstrating either (1) past persecution on the basis of a protected ground, or (2) a well-founded fear of future persecution on the basis of a protected ground. *Sepulveda v. U.S. Attorney Gen.*, 401 F.3d 1226, 1230-31 (11th Cir. 2005). A more stringent standard is applied to claims for withholding of removal. *Id.* at 1232. To establish that he is entitled to withholding of removal under the INA, an alien must show that his "life or freedom would be threatened"

6

in the country of removal on the basis of a protected ground. *Id.* "The alien bears the burden of demonstrating that it is more likely than not [he] will be persecuted or tortured upon being returned to [his] country." *Id.* (quotation marks omitted). An alien who cannot meet the well-founded-fear standard for asylum generally cannot satisfy the higher more-likely-than-not standard for withholding of removal. *Id.* at 1232-33.

Persecution is an extreme concept. *Sepulveda*, 401 F.3d at 1231. Employment discrimination that stops short of depriving the individual of a means of earning a living, such as losing a desired job and being forced to take menial work instead, does not constitute persecution. *Barreto-Claro v. U.S. Attorney Gen.*, 275 F.3d 1334, 1340 (11th Cir. 2001).

Naik acknowledges that he has never been physically harmed, and he does not allege that he was ever arrested or detained. He states only that employment discrimination prevented him from obtaining an office job and forced him to continue working as a cook, and that he would continue to face such discrimination upon returning to India. These facts alone do not rise to the level of persecution. *See Barreto-Claro*, 275 F.3d at 1340. Furthermore, although he testified that it was difficult to support his family on his salary of $50 per month, he did not submit any evidence showing that discrimination forced him to live an

7

atypically impoverished existence in light of the economic conditions in India. Therefore, Naik has not shown that he is more likely than not to face persecution upon his return to India, and, thus, has not established eligibility for withholding of removal. *See Sepulveda*, 401 F.3d at 1232.

For the foregoing reasons, we dismiss Naik's petition insofar as he seeks review of the timeliness of his asylum application, and deny the petition with respect to his request for withholding of removal.

**PETITION DISMISSED IN PART AND DENIED IN PART.**