**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-1873**

_____

SIMEON DE JESUS ESQUIVEL,

                Petitioner,

        v.

ERIC H. HOLDER, JR., Attorney General,

                Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals.

_____

Submitted: April 3, 2012         Decided: April 26, 2012

_____

Before DIAZ and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Petition dismissed in part, and denied in part by unpublished per curiam opinion.

_____

Ronald D. Richey, LAW OFFICE OF RONALD D. RICHEY, Rockville, Maryland, for Petitioner. Tony West, Assistant Attorney General, Terri J. Scadron, Assistant Director, Greg D. Mack, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Simeon De Jesus Esquivel, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's order denying his application for special rule cancellation of removal under § 203 of the Nicaraguan Adjustment and Central American Relief Act ("NACARA") (Pub. L. No. 105-100, 111 Stat. 2160), and denying his application for asylum. We dismiss in part and deny in part the petition for review.

Under § 203 of the NACARA, an El Salvadoran may be eligible for special rule cancellation of removal if the alien entered the United States on or before September 19, 1990, and registered for benefits pursuant to the settlement agreement reached in American Baptist Churches v. Thornburgh, 760 F. Supp. 796 (N.D. Ca. 1991) ("ABC" benefits) on or before December 31, 1991.

Under NACARA § 203(5)(C)(ii), "[a] determination by the Attorney General as to whether an alien satisfies the requirements of this clause (i) is final and shall not be subject to review by any court." See Ixcot v. Holder, 646 F.3d 1202, 1213-14 (9th Cir. 2011) (the court is precluded from reviewing the agency's factual determination that an immigrant is ineligible for special rule cancellation of removal under

2

NACARA § 203); Frech v. U.S. Attorney Gen., 491 F.3d 1277, 1280 (11th Cir. 2007) ("We lack jurisdiction to review a determination as to whether an applicant's status should be adjusted under NACARA.").

In this instance, the immigration judge found that Esquivel was not eligible for cancellation of removal under the NACARA because he did not show that he entered the United States on or before September 19, 1990. While we retain jurisdiction to review constitutional claims and questions of law, see 8 U.S.C. § 1252(a)(2)(C), (D) (2006), Frech, 491 F.3d at 1280, Esquivel's claim is simply a challenge to the factual finding and the Board's review of that finding. He does not raise a constitutional claim or a question of law. Because we lack jurisdiction to review the finding that Esquivel did not show he was eligible for relief under the NACARA, we dismiss in part the petition for review.

The Immigration and Nationality Act (INA) authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C. § 1158(a) (2006). The INA defines a refugee as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2006). "Persecution involves the infliction or threat of death,

3

torture, or injury to one's person or freedom, on account of one of the enumerated grounds. . . ." Qiao Hua Li v. Gonzales, 405 F.3d 171, 177 (4th Cir. 2005) (internal quotation marks and citations omitted).

An alien "bear[s] the burden of proving eligibility for asylum," Naizgi v. Gonzales, 455 F.3d 484, 486 (4th Cir. 2006); see 8 C.F.R. § 1208.13(a) (2011), and can establish refugee status based on past persecution in his native country on account of a protected ground. 8 C.F.R. § 1208.13(b)(1) (2011). "An applicant who demonstrates that he was the subject of past persecution is presumed to have a well-founded fear of persecution." Ngarurih v. Ashcroft, 371 F.3d 182, 187 (4th Cir. 2004). Without regard to past persecution, an alien can establish a well-founded fear of persecution on a protected ground. Id. The well-founded fear standard contains both a subjective and an objective component. The objective element requires a showing of specific, concrete facts that would lead a reasonable person in like circumstances to fear persecution. Gandziami-Mickhou v. Gonzales, 445 F.3d 351, 353 (4th Cir. 2006).

A determination regarding eligibility for asylum is affirmed if supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Administrative findings of fact are conclusive unless

4

any reasonable adjudicator would be compelled to decide to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2006). Legal issues are reviewed de novo, "affording appropriate deference to the BIA's interpretation of the INA and any attendant regulations." Li Fang Lin v. Mukasey, 517 F.3d 685, 691-92 (4th Cir. 2008). This court will reverse the Board only if "the evidence . . . presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Elias-Zacarias, 502 U.S. at 483-84; see Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002).

We conclude that substantial evidence supports the finding that Esquivel did not show that he was persecuted on account of a protected ground or that he has a well-founded fear of persecution on account of a protected ground. Esquivel based his claim on his membership in a particular social group, his family. However, substantial evidence supports the finding that he failed to show he was targeted or fears being targeted because of his family relationships. This court recently noted that opposition to gangs and resisting gang recruitment "is an amorphous characteristic providing neither an adequate benchmark for determining group membership nor embodying a concrete trait that would readily identify a person as possessing such a characteristic." Zelaya v. Holder, 668 F.3d 159, 166 (4th Cir. 2012). General lawlessness and violence without an appreciable

5

different risk to the alien is insufficient to support an asylum claim.  <u>Singh v. INS</u>, 134 F.3d 962, 967 (9th Cir. 1998).

Accordingly, we dismiss in part and deny in part the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u>
<u>DENIED IN PART</u>