[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15446
Non-Argument Calendar
_____

Agency No. A087-390-698

JOSE OSMIN CASTILLO SANCHEZ,

Petitioner,

versus

US ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(July 18, 2013)

Before TJOFLAT, WILSON and MARTIN, Circuit Judges.

PER CURIAM:

Jose Osmin Castillo Sanchez, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' (BIA) decision affirming the Immigration Judge's (IJ) denial of his: (1) application for asylum under the Immigration and Nationality Act (INA) § 208(a), 8 U.S.C. § 1158(a); (2) withholding of removal, INA § 241(b)(3), 8 U.S.C. § 1231(b)(3); and (3) relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment (CAT), 8 C.F.R. § 208.16(c).  After a thorough review of the parties' briefs, we dismiss Castillo Sanchez's petition.

## I.   BACKGROUND

Castillo Sanchez entered the United States without inspection near Los Indios, Texas, on March 27, 2008.  In August 2009, Castillo Sanchez was served with a notice to appear, charging that he was removable under 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled.  Castillo Sanchez requested asylum, withholding of removal, and protection under CAT.  The application for asylum was based on Castillo Sanchez's contention that he had been persecuted by the Mara 18 gang on account of his imputed anti-gang political opinion or his membership in a particular social group—in his case, young males who are actively recruited by gangs because they have no father or other protective male in the home.  He testified at his hearing before the IJ that he had been attacked on several occasions by gang members, who

2

demanded money from him every time.  Although the IJ found Castillo Sanchez credible, the IJ ultimately denied his application and found him removable to El Salvador.  The BIA, without adopting the IJ's reasoning, affirmed.  The BIA found that while Castillo Sanchez might have been persecuted by the gang, his persecution did not satisfy the INA's requirement that one of five protected grounds form a "central reason" for the persecution.  *See* 8 U.S.C. § 1158(b)(1)(B)(i).  This petition followed.

In his petition, Castillo Sanchez only challenges the BIA's decision regarding his application for asylum.[1]  Castillo Sanchez also contends that the IJ violated his due process rights when the IJ refused to let Castillo Sanchez's expert witness testify by phone.  We turn first to whether the BIA erred when it affirmed the IJ's denial of Castillo Sanchez's application for asylum.

## II.  ANALYSIS

### A.  Application for Asylum

We review the BIA's legal determinations de novo and its factual findings for substantial evidence, "a highly deferential standard."  *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 948 (11th Cir. 2010).  We may reverse a factual finding only when doing so is compelled by the record, *see id.*, and we must view the evidence in the

---

[1] Because he does not challenge the denials of withholding of removal and CAT relief in his brief, those issues have been abandoned.  *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (per curiam).

light most favorable to the agency's decision.  *Seck v. U.S. Att'y Gen.*, 663 F.3d 1356, 1364 (11th Cir. 2011).

The Secretary of Homeland Security and the Attorney General have the discretion to grant an alien asylum if the alien establishes that he is a "refugee."  8 U.S.C. § 1158(b)(1)(A).  A refugee is a person who has been persecuted or has a well-founded fear of persecution on account of one of five protected grounds: "race, religion, nationality, membership in a particular social group, or political opinion."  8 U.S.C § 1101(a)(42)(A).  In 2005, the REAL ID Act of 2005 § 101(a)(3), 8 U.S.C. § 1158(b)(1)(B)(i), clarified the INA to require that a protected ground be "at least one *central reason* for persecuting the applicant." (emphasis added).  The BIA has interpreted the phrase "central reason" to mean that the protected ground "cannot be incidental, tangential, superficial, or subordinate to another reason for harm."  *In re J-B-N- & S-M-*, 24 I. & N. Dec. 208, 214 (BIA 2007).  Because this is a "reasonable interpretation" of the REAL ID Act, we owe it *Chevron* deference.  *See Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 844, 104 S. Ct. 2778, 2782 (1984) ("[A] court may not substitute its own construction of a statutory provision for a reasonable interpretation made by the administrator of an agency.").

The BIA in this case determined that, even assuming Castillo Sanchez belonged to a particular social group or had an anti-gang political opinion, the

4

evidence indicated that the gang targeted him primarily to obtain money or recruit him for membership. Therefore, none of the central reasons for his alleged persecution were protected grounds.

We conclude that substantial evidence supports the BIA's conclusion that Castillo Sanchez was targeted by the gang for recruitment and extortionate purposes, and not because of his membership in a particular social group. For example, the evidence showed that in at least one incident, the gang let Castillo Sanchez go without further incident after he gave them money. Castillo Sanchez only submitted conclusory statements that the gang members targeted him because he was in a fatherless household. Moreover, Castillo Sanchez presented no evidence, other than speculation, to indicate that the gang members even knew that he lived in a home without a father or a male figure. Even assuming that the gang members did know this, Castillo Sanchez admitted that neither of his two siblings experienced any problems with the gang, even though they would presumably fall within the same particular social group.

Similarly, substantial evidence supports the BIA's finding that Castillo Sanchez's political opinion was not a central reason for his persecution. As stated earlier, Castillo Sanchez's evidence indicated that the gang always asked him for money, and whether the members attacked him depended on whether he paid them. In other words, although Castillo Sanchez might have had a politically motivated

5

opposition to the gang, he simply did not present enough evidence to demonstrate that it was a central reason for any harm that he suffered.  Therefore, we cannot say that the BIA's decision was not supported by substantial evidence.  We now turn to Castillo Sanchez's due process argument.

## B.  Due Process

We review constitutional challenges de novo.  *Lapaix v. U.S. Att'y Gen.*, 605 F.3d 1138, 1143 (11th Cir. 2010) (per curiam).  Aliens in removal proceedings are entitled to due process of law under the Fifth Amendment.  *Frech v. U.S. Att'y Gen.*, 491 F.3d 1277, 1281 (11th Cir. 2007).  "Due process requires that aliens be given notice and an opportunity to be heard in their removal proceedings."  *Tang v. U.S. Att'y Gen.*, 578 F.3d 1270, 1275 (11th Cir. 2009) (internal quotation marks omitted).  For Castillo Sanchez to succeed on his due process challenge, he must demonstrate that the IJ's decision to disallow his expert from testifying telephonically caused him substantial prejudice.  *Lapaix*, 605 F.3d at 1143.  Substantial prejudice requires the applicant to demonstrate that, in the absence of the alleged error, the outcome of the proceeding would have been different.  *Id.*

Whether to permit telephonic testimony is a purely discretionary matter left to the IJ.  *See* 8 C.F.R. § 1003.25(c).  "[T]he failure to receive relief that is purely discretionary in nature does not amount to a deprivation of a liberty interest."  *Tang*, 578 F.3d at 1275 (internal quotation marks omitted).  Therefore, Castillo

Sanchez cannot establish a due process violation based on the IJ's decision not to permit the telephonic testimony.  Moreover, even if the IJ had permitted the telephonic testimony, Castillo Sanchez cannot demonstrate substantial prejudice because the IJ had already received and examined the affidavit from Castillo Sanchez's expert.  Although Castillo Sanchez argues that the affidavit was not exhaustive, the expert's testimony would have only reinforced two points: first, that Castillo Sanchez belonged to a particular social group; and second, that the gang members were part of Mara 18.  Yet neither of these points would have established that a protected ground was a "central reason" for Castillo Sanchez's persecution.  *See* 8 U.S.C. § 1158(b)(1)(B)(i).  Therefore, we conclude that the IJ did not violate Castillo Sanchez's due process rights.

For the foregoing reasons, we dismiss Castillo Sanchez's petition.

**PETITION DISMISSED.**

7