[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-13125
Non-Argument Calendar

_____

Agency No. A098-979-850

YENY LISSETH GONZALEZ-RODRIGUEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(April 13, 2018)

Before MARCUS, WILLIAM PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Yeny Gonzalez-Rodriguez, a native and citizen of El Salvador who was

ordered removed in absentia in 2006, petitions for review of the order by the Board

of Immigration Appeal ("BIA") denying her untimely second motion to reopen

removal proceedings.  In her petition, she argues that: (1) the BIA erroneously denied her motion to reopen as untimely, because she demonstrated that since her 2006 removal order, country conditions in El Salvador had materially changed and asylum law had evolved to the point where family-based "particular social groups" are cognizable under the Immigration and Nationality Act ("INA"); (2) the BIA violated her due process rights by ignoring that her motion was based on a change in asylum law, by ignoring most of evidence she submitted regarding changed country conditions in El Salvador, and by conducting a perfunctory analysis of the merits of her motion; and (3) the BIA abused its discretion in denying her motion by ignoring its own precedent found in Matter of L-E-A-, 27 I&N Dec. 40 (BIA 2017), or, in the alternative, by failing to offer a reasoned explanation as to why it did not apply that decision.  After thorough review, we deny the petition.

We review the denial of a motion to reopen an immigration petition for abuse of discretion.  Jiang v. U.S. Att'y Gen., 568 F.3d 1252, 1256 (11th Cir. 2009).  Our "review is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner."  Id.  The moving party bears a heavy burden, Ali v. U.S. Att'y Gen., 443 F.3d 804, 813 (11th Cir. 2006), since motions to reopen are disfavored, especially in removal proceedings.  INS v. Doherty, 502 U.S. 314, 323 (1992); Jiang, 568 F.3d at 1256.

The discretion afforded to the BIA under 8 C.F.R. § 1003.2(a) with respect to granting and denying motions to reopen is expansive. See 8 C.F.R. § 1003.2(a) ("The decision to grant or deny a motion to reopen or reconsider is within the discretion of the Board . . . .  The Board has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief.")); see also Gbaya v. U.S. Att'y Gen., 342 F.3d 1219, 1220 (11th Cir. 2003) ("[i]n this particular area, the BIA's discretion is quite broad").  We've held that the BIA may deny a motion to reopen on at least three grounds: (1) failure to establish a prima facie case; (2) failure to introduce evidence that was material and previously unavailable; or (3) a determination that an alien is not entitled to a favorable exercise of discretion despite statutory eligibility for relief.  Al Najjar v. Ashcroft, 257 F.3d 1262, 1302 (11th Cir. 2001).  Additionally, when reviewing a motion or petition, as long as the BIA has given reasoned consideration to the motion and made adequate findings, it need not address every piece of evidence the petitioner presented.  Tan v. U.S. Att'y Gen., 446 F.3d 1369, 1374 (11th Cir. 2006) (holding that the IJ must "consider the issues raised and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted" (quotations omitted)).

An alien may file a motion to reopen her removal proceedings, but must do so within 90 days of the date of entry of a final administrative order of removal,

3

subject to certain exceptions.  8 U.S.C. § 1229a(c)(7)(C)(i).  As relevant here, the INA provides for an exception to the time limitation if the motion to reopen is "based on changed circumstances arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding."  Id. § 1229a(c)(7)(C)(ii).  That motion "shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material."  Id. § 1229a(c)(7)(B).

The Fifth Amendment entitles petitioners in removal proceedings to due process of law.  See Frech v. U.S. Att'y Gen., 491 F.3d 1277, 1281 (11th Cir. 2007).  Due process requires that aliens be given notice and an opportunity to be heard in their removal proceedings.  See Tang v. U.S. Att'y Gen., 578 F.3d 1270, 1275 (11th Cir. 2009).  Importantly, however, we've held that an alien has no constitutionally protected liberty interest with respect to the granting of a motion to reopen.  Scheerer v. U.S. Att'y Gen., 513 F.3d 1244, 1253 (11th Cir. 2008).

Here, Gonzalez-Rodriguez cannot demonstrate that the BIA acted arbitrarily or capriciously when it denied her untimely second motion to reopen, since she has not shown that the relevant country conditions in El Salvador have materially changed since her 2006 order of removal.  8 U.S.C. § 1229a(c)(7)(C)(ii).  In her application for relief, she said that, if she were returned to El Salvador, she feared

4

that she would be harmed by the Reyes family, which has perpetrated a decades-long, deadly feud against her own family. In support of her motion to reopen, she submitted several news articles that reported on the rising tide of gang violence in El Salvador. However, none of those articles dealt with the Reyes family, and, therefore, the evidence of changed country conditions that she submitted was not material. As a result, the BIA did not abuse its discretion in concluding that her untimely filing of her motion to reopen could not be excused based on changed country conditions. 8 U.S.C. § 1229a(c)(7)(C)(i)-(ii).

As for Gonzalez-Rodriguez's related argument -- that the BIA abused its discretion in denying her motion because she had demonstrated changes in the law with respect to asylum claims that might have inured to her benefit -- we disagree. As the government correctly notes, the plain text of the "changed country conditions" exception demonstrates that a change in the relevant law is not sufficient to trigger that exception. See 8 U.S.C. § 1229a(c)(7)(C)(ii); see also 8 U.S.C. § 1229a(c)(7)(B) ("The motion to reopen shall state the new facts that will be proven . . . ."). In other words, that exception applies to new facts, not law. Id. Thus, the non-binding, sister circuit cases Gonzalez-Rodriguez identified as representing a change in asylum law were not relevant to the sole issue in front of

5

the BIA, and the BIA did not err in not specifically addressing them.[1]   Tan, 446 F.3d at 1374.

Nor did the BIA abuse its discretion by refusing to follow Matter of L-E-A-, or by not offering a reasoned explanation as to why it would not follow that case. Much like Gonzalez-Rodriguez's previous argument, this argument fails because the BIA's holding in that case -- that members of an immediate family can constitute a "particular social group" for asylum purposes -- was not relevant to the factual inquiry of whether Gonzalez-Rodriguez's untimely filing of her motion to reopen should have been excused based on changed country conditions in El Salvador.   See Matter of L-E-A-, 27 I&N Dec. at 40; see also 8 U.S.C. § 1229a(c)(7)(C)(ii).  As a result, the BIA did not err in not explicitly addressing that decision. Tan, 446 F.3d at 1374.

Finally, Gonzalez-Rodriguez's due process arguments fail.  As we held in Scheerer, an alien has no constitutionally protected interest in the granting of a motion to reopen.  513 F.3d at 1253.  Accordingly, Gonzalez-Rodriguez's due process arguments -- which are premised on the BIA's procedures in ruling on her motion to reopen -- are foreclosed by our precedent.  Id.

---

[1] Moreover, while the BIA has held that it may exercise its sua sponte authority to reopen removal proceedings where one of its decisions "reflect[s] a fundamental change in the principles of the law of asylum," In re G-D-, 22 I&N Dec. 1132, 1135 (BIA 1999), Gonzalez-Rodriguez does not challenge the BIA's refusal to do so, and, more importantly, we would not have jurisdiction to consider that issue even if she had raised it. Lenis v. U.S. Att'y Gen., 525 F.3d 1291, 1294 (11th Cir. 2008).

6

**PETITION DENIED.**