[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10998
Non-Argument Calendar
_____

Agency No. A089-407-931


YVES MARBENIG SALAS-MONSALVE,

Petitioner,


versus


U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(October 25, 2018)

Before MARTIN, ROSENBAUM, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Yves Marbenig Salas-Monsalve petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the immigration judge's ("IJ") order denying Salas a waiver of removability under 8 U.S.C. § 1227(a)(1) as a matter of discretion. The government moves to dismiss the petition for lack of jurisdiction. For the reasons explained below, we grant the government's motion.

## I.

Salas, a native and citizen of Venezuela, was admitted to the United States in July 2000 as a non-immigrant visitor. In October 2007, she used a fraudulent Cuban birth certificate to obtain status as a lawful permanent resident under the Cuban Adjustment Act. Several years later, immigration officials discovered that she was not a Cuban citizen and instituted removal proceedings. She was charged with being removable because at the time of adjustment of status she was inadmissible for having sought to obtain status by fraud or misrepresentation. *See* 8 U.S.C. §§ 1182(a)(6)(C)(i), § 1227(a)(1)(A). Salas conceded removability and applied to have the grounds of inadmissibility waived under 8 U.S.C. § 1227(a)(1)(H).

The IJ denied Salas a fraud waiver under § 1227(a)(1)(H) and ordered her removed. While the IJ found that she was statutorily eligible for a fraud waiver, the IJ denied relief as a matter of discretion after weighing the equities of her situation pursuant to the BIA's decision in *Matter of Tijam*, 22 I. & N. Dec. 408,

2

412–13 (BIA 1998).  The IJ found that, while Salas's case presented "several substantial equities," including long-term, productive, and law-abiding residence in the United States, the positive equities were outweighed by her knowing participation in "an ongoing scheme of fraud and misrepresentation."  Specifically, the IJ explained, she played a role in her husband's sham marriage to another person to obtain immigration status and then submitted the fraudulent Cuban birth certificate on which her status as a lawful permanent resident was based.  The BIA affirmed the IJ's decision, agreeing that Salas's "involvement in multiple fraudulent schemes to obtain immigration benefits outweighs the equities that she has presented."

Salas now petitions this Court for review.  She raises two main issues: (1) whether the BIA applied the proper standard in denying her application for a fraud waiver; and (2) whether the BIA's consideration of certain factors, including hardship to her or her family, in exercising its discretion to grant or deny a fraud waiver is "ultra vires to 8 U.S.C. § 1227(a)(1)(H)" and contrary to legislative intent.  The government has moved to dismiss Salas's petition for lack of jurisdiction, arguing that the first issue is a challenge to a purely discretionary decision we cannot review and that the second issue is unexhausted.  We agree with the government on both points and therefore grant the motion to dismiss.

3

## II.

We first consider Salas's claim that the BIA applied an improper standard in denying a fraud waiver under 8 U.S.C. § 1227(a)(1)(H) as a matter of discretion.

We review our own subject-matter jurisdiction *de novo*. *Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 808 (11th Cir. 2006). By statute, we lack jurisdiction to review any decision that is committed to the discretion of the Attorney General. 8 U.S.C. § 1252(a)(2)(B)(ii). We may, however, review constitutional claims or questions of law raised in a challenge to such a decision. 8 U.S.C. § 1252(a)(2)(D). The constitutional claim or question of law must be "non-frivolous," and it cannot simply be a "garden-variety abuse of discretion argument" framed as a question of law to evade jurisdictional bars. *See Alvarez Acosta v. U.S. Att'y Gen.*, 524 F.3d 1191, 1196–97 (11th Cir. 2008).

Under the fraud-waiver provision, § 1227(a)(1)(H), the Attorney General may waive removal based on grounds of inadmissibility resulting from fraud or misrepresentation, provided the applicant meets certain statutory requirements. 8 U.S.C. § 1227(a)(1)(H). Section 1227(a)(1)(H) expressly commits the power to grant eligible applicants a fraud waiver to "the discretion of the Attorney General." *Id.* Because the power to grant a fraud waiver is discretionary, we have held that "decisions under 8 U.S.C. § 1227(a)(1)(H) unambiguously fall within the jurisdiction-stripping provision of § 1252(a)(2)(B)(ii)." *Alhuay v. U.S. Att'y Gen.*,

4

661 F.3d 534, 549 (11th Cir. 2011) (quotation marks omitted) (alteration adopted). Accordingly, we lack jurisdiction to review the discretionary denial of Salas's application for a waiver of removability.

Salas protests that she is not challenging the BIA's exercise of discretion, but we are not persuaded. She frames her challenge in part as a question of law: whether the BIA "utilized the proper standard" to adjudicate her application for a fraud waiver. *See Frech v. U.S. Att'y Gen.*, 491 F.3d 1277, 1281 (11th Cir. 2007) (whether the BIA applied the wrong legal standard is a question of law). But her argument is largely indistinguishable from a "garden-variety abuse of discretion argument." *See Alvarez Acosta*, 524 F.3d at 1196–97. Her claim that Congress enacted the "generous" fraud waiver for the sake of maintaining family unity is, essentially, an argument that the BIA failed to properly weigh the importance of maintaining family unity when exercising its discretion to deny the fraud waiver. She also argues explicitly in another section of her brief that substantial equities warrant a remand for the IJ to reconsider the adverse and favorable factors present in her case. These weighing decisions are matters of discretion which, as explained above, we lack jurisdiction to review under § 1252(a)(2)(B)(ii). *See Alhuay*, 661 F.3d at 549.

Because we lack jurisdiction over the BIA's discretionary decision to deny Salas a fraud waiver, we grant the government's motion to dismiss on this issue.

5

**III.**

Salas next contends that the BIA's consideration of certain factors in exercising its discretion to grant or deny a fraud waiver is "ultra vires to 8 U.S.C. § 1227(a)(1)(H)" and contrary to legislative intent.  Salas did not exhaust this argument before the BIA, however, so we lack jurisdiction to review it.

"We lack jurisdiction to consider a claim raised in a petition for review unless the petitioner has exhausted [her] administrative remedies with respect thereto." *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006) (citing 8 U.S.C. § 1252(d)(1)).   "A petitioner fails to exhaust her administrative remedies with respect to a particular claim when she does not raise that claim before the BIA."  *Indrawati v. U.S. Att'y Gen.*, 779 F.3d 1284, 1297 (11th Cir. 2015).  Although exhaustion does not require a petitioner to use specific legal terminology or provide a well-developed argument, she must have presented the core issue to the BIA.  *Id.*  Unsupported and conclusory statements are insufficient.  *Id.*  If a petitioner fails to raise a claim in her appeal to the BIA, we generally lack jurisdiction to consider the claim in a petition for review.  *Amaya-Artunduaga*, 463 F.3d at 1250.

Here, we lack jurisdiction to consider Salas's claim that the discretionary factors the BIA used to evaluate whether she merited a fraud waiver, as set forth in the BIA's decision in *Matter of Tijam*, are "ultra vires to the language of 8 U.S.C.

6

§ 1227(a)(1)(H)." *Matter of Tijam* states that "evidence of hardship to the alien or her family if deportation occurs" is one of many "[f]avorable considerations"—including family ties in the United States, long-term residence, and stable employment—to evaluate when "balancing . . . an alien's undesirability as a permanent resident with the social and human considerations present to determine whether a grant of relief is in the best interests of this country."  22 I. & N. Dec. at 412–13.  Contrary to Salas's argument here, nothing in that decision *requires* an applicant to establish hardship.  *See id.*

In any event, at no point in her brief to the BIA did Salas argue that the IJ had improperly required her to show hardship, that *Matter of Tijam* improperly adopted a hardship requirement, or that *Matter of Tijam* improperly imposes additional requirements not contained in § 1227(a)(1)(H).  Rather, her arguments focused on the weight the IJ gave certain facts when evaluating the positive and negative factors in her case.  In the course of making those arguments, she did reference the lack of a hardship requirement in § 1227(a)(1)(H), but this passing reference was not sufficient to present "the core issue to the BIA" for purposes of the exhaustion requirement.  *See Indrawati*, 779 F.3d at 1297.  Because Salas failed to exhaust her challenge regarding *Matter of Tijam*'s consistency with the fraud-waiver statute, we lack jurisdiction to review it.  *See id.*; *Amaya-Artunduaga*, 463 F.3d at 1250.

## IV.

For the reasons explained above, we grant the government's motion and dismiss Salas's petition for review for lack of jurisdiction.

**MOTION GRANTED; PETITION DISMISSED.**