[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 8, 2011
JOHN LEY
CLERK

No. 10-12186
Non-Argument Calendar
_____

Agency No. A043-595-433


CONSUELO ELENA MORALES,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(April 8, 2011)

Before EDMONDSON, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Consuelo Elena Morales, a *pro se* petitioner and a native and citizen of Peru, petitions for review of the Board of Immigration Appeals's ("BIA") decision affirming the Immigration Judge's ("IJ") denial of a waiver of inadmissibility, under INA § 212(h), 8 U.S.C. § 1182(h), for a failure to demonstrate that her daughter would experience extreme hardship if Morales were removed.

We review our subject-matter jurisdiction *de novo*. *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006) (per curiam). When a statute limits our review, we "retain jurisdiction to determine the underlying jurisdictional facts at issue." *Resendiz-Alcaraz v. U.S. Att'y Gen.*, 383 F.3d 1262, 1266 (11th Cir. 2004). We have jurisdiction, under the REAL ID Act of 2005,[1] to decide questions of law or constitutional claims that an alien raises in a petition for review of a final order of removal. *Arias v. U.S. Att'y Gen.*, 482 F.3d 1281, 1283–84 (11th Cir. 2007) (per curiam).

I.

Morales first argues that the BIA and IJ unfairly exercised their discretion, unreasonably adjudicated her claim, and committed prejudicial error when they determined that she failed to demonstrate extreme hardship.

---

[1] Pub. L. No. 109-13, 119 Stat. 231 (2005) [hereinafter "the REAL ID Act"].

An alien deemed inadmissible (i.e., removable) for being convicted of a crime involving moral turpitude may apply for a waiver of inadmissibility if the alien's child is a United States citizen or lawful permanent resident and the alien's denial of admission would result in an "extreme hardship" to the child, and the Attorney General has discretion to grant the waiver upon such a showing. *See* INA §§ 212(a)(2)(A)(i)(I), (h)(1)(B), 8 U.S.C. §§ 1182(a)(2)(A)(i)(I), (h)(1)(B). Because the grant or denial of a waiver based on "extreme hardship" is discretionary and does not present a constitutional claim or question of law, we lack jurisdiction to review such a grant or denial. *See* INA §§ 242(a)(2)(B)(i), (a)(2)(D), 8 U.S.C. § 1252(a)(2)(B)(i), (a)(2)(D) (as amended by the REAL ID Act); *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1297–98 (11th Cir. 2001) (analyzing "extreme hardship" and the associated jurisdictional bar under the substantially similar transitional IIRIRA[2] rules).

Because the BIA's determination that Morales failed to demonstrate extreme hardship did not involve a constitutional issue or question of law, we dismiss these claims for lack of jurisdiction.

II.

---

[2] Illegal Immigration Reform and Immigrant Responsibility Act, Pub. L. No. 104-208, 110 Stat. 3009-546 (1996).

Next, Morales contends that the BIA and IJ violated due process[3] and committed a legal error by applying the wrong legal standard—requiring a showing of rehabilitation and contrition for her past crimes—to her application for a waiver of inadmissibility.

We lack jurisdiction to review Morales's due process claim for two reasons. First, Morales's failure to exhaust her due process claim before the BIA deprives us of jurisdiction to review it. INA § 242(d)(1), 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if -- (1) the alien has exhausted all administrative remedies available to the alien as of right . . . ."); *Amaya-Artunduaga*, 463 F.3d at 1251 ("[Petitioner's] allegation of a due process violation—that he was denied a full and fair hearing before a neutral factfinder—is precisely the kind of procedural error which requires exhaustion.").

Second, even if Morales had exhausted her due process claim, we would lack jurisdiction to consider it because due process is not implicated by the denial of discretionary immigration relief. *Tefel v. Reno*, 180 F.3d 1286, 1301–02 (11th Cir. 1999) (concluding that because the failure to receive discretionary relief in an immigration context does not implicate due process, the failure to be considered

---

[3] Morales has abandoned any other constitutional claim. *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (per curiam) (holding issue abandoned where appellant failed to offer argument on the issue).

for discretionary immigration relief cannot implicate due process). Therefore, we lack jurisdiction over Morales's due process claim, and it is hereby dismissed.

However, we do have jurisdiction to consider the legal question of whether the IJ and BIA applied the wrong legal standard when they evaluated Morales's application for a waiver of inadmissibility. *See Frech v. U.S. Att'y Gen.*, 491 F.3d 1277, 1281 (11th Cir. 2007). We review only the BIA's decision, but to the extent that the BIA expressly adopts the IJ's opinion or adopts the IJ's reasoning, we review the IJ's decision as well. *Al Najjar*, 257 F.3d at 1284.

In this case, the BIA adopted the IJ's reasoning concerning Morales's failure to demonstrate the requisite extreme hardship to a qualifying relative to establish her eligibility for a waiver of inadmissibility under INA § 212(h), 8 U.S.C. § 1182(h). But having made that determination, the BIA explicitly refused to consider whether Morales's circumstances merited a favorable exercise of discretion in connection with her application. The BIA did not adopt the IJ's opinion or reasoning regarding factors not listed within INA § 212(h)(1)(B), 8 U.S.C. § 1182(h)(1)(B). Consequently, we will not review that portion of the IJ's opinion, *Al Najjar*, 257 F.3d at 1284, and we deny Morales's claim concerning the application of an incorrect legal standard.

**PETITION DISMISSED IN PART AND DENIED IN PART.**