[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-13829
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 7, 2011
JOHN LEY
CLERK

Agency No. A029-833-903

HADASSA CHANERO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(June 7, 2011)

Before EDMONDSON, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Hadassa Chanero, a native and citizen of Israel, seeks review of the order of the Board of Immigration Appeals (BIA) summarily affirming the Immigration Judge's (IJ) order denying her application for cancellation of removal under 8 U.S.C. § 1229b(b)(1). In her petition for review, Chanero argues that the IJ did not apply the correct legal standard for determining the level of hardship required to grant a cancellation of removal and that her due process rights were violated as a result of the IJ's decisional process and the BIA's summary affirmance. Because we conclude that we lack jurisdiction over the due process claim, we dismiss this part of the petition. We deny Chanero's petition as it relates to the hardship claim.

Chanero last entered the United States in August 2001 as a nonimmigrant and remained beyond the expiration date of her visa. She was served with a notice to appear, charging her as removable under 8 U.S.C. § 1227(a)(1)(B). At her removal hearing, Chanero requested cancellation of removal on the ground that her removal would cause an exceptional and extremely unusual hardship to her two U.S.-citizen sons. Chanero testified that she had been in the United States since 1992 and was divorced. Her two sons, ages 17 and 12, did not want to leave the United States, and although they could live with their father, they preferred to remain with their mother. Chanero stated that she feared her oldest son would be

forced to join the Israeli army if he went to Israel and that her younger son had been experiencing trouble in school since the immigration proceedings began.

At a subsequent hearing, the IJ focused the hardship inquiry on the fact that the boys would be forced into military service in Israel. The IJ noted the high standard required to find an exceptional and extremely unusual hardship but explained that she was bound by this standard even if she disagreed with it. Accordingly, the IJ denied cancellation of removal, finding that although Chanero satisfied the first three criteria – continuous physical presence, no statutory bar, and good moral character – she failed to meet the high standard of exceptional and extremely unusual hardship to a qualifying relative.

Chanero appealed to the BIA, which summarily affirmed. Chanero then petitioned this court for review.

As an initial matter, we issued jurisdictional questions to determine whether our jurisdiction was limited under 8 U.S.C. §§ 1252(a)(2)(B) and (a)(2)(D). Having received the parties' responses, we conclude that, although 8 U.S.C. § 1252(a)(2)(B) precludes our jurisdiction to review a hardship determination for a cancellation of removal, to the extent Chanero asserts that the IJ applied an incorrect legal standard for determining hardship, she raises a legal question that we may review under 8 U.S.C. § 1252 (a)(2)(D). *Frech v. U.S. Att'y Gen.*, 491

F.3d 1277, 1281 (11th Cir. 2007). However, because Chanero's constitutional due process claim has no merit, we lack jurisdiction to review the petition with respect to this claim. *See Gonzalez-Oropeza v. U.S. Att'y Gen.*, 321 F.3d 1331, 1333 (11th Cir. 2003) (holding that a constitutional claim with no merit is not subject to appellate review).

I. Cancellation of Removal Standard

We review the IJ's legal determinations *de novo*. *Hernandez v. U.S. Att'y Gen.*, 513 F.3d 1336, 1339 (11th Cir. 2008).

The Attorney General has the discretion to cancel the removal of a non-permanent resident alien who has (A) been continuously, physically present in the United States for not less than ten years, (B) been a person of good moral character, (C) not been convicted of certain listed offenses, and (D) established exceptional and extremely unusual hardship to a qualifying relative. 8 U.S.C. § 1229b(b). The "exceptional and extremely unusual hardship" standard, which was established by legislation enacted in 1996, is "higher than the 'extreme hardship' standard under the previous suspension of deportation provision." *Gonzalez-Oropeza*, 321 F.3d at 1332, 1333. According to the BIA, "the hardship to an alien's relatives . . . must be substantially beyond the ordinary hardship that would be expected when a close family member leaves this country." *In re*

4

*Monreal-Aguinaga*, 23 I.&N. Dec. 56, 62 (BIA 2001) (quotation omitted). This standard requires that cancellation of removal should be "limited to 'truly exceptional' situations," but although the standard is high, it is "less than 'unconscionable.'" *Id.* at 60, 62.

Having reviewed the record, we conclude that the IJ identified and applied the correct legal standard in this case. The IJ repeatedly identified the exceptional and extremely unusual hardship standard and made appropriate comparisons to the previous standard. The IJ even clarified that she would have reached a different conclusion under the lower standard. Therefore, we conclude the IJ applied the proper standard and we deny the petition in part as to this issue.

II. Due Process

"In order to establish a due process violation, an alien must show that [s]he was deprived of liberty without due process of law and that the asserted error caused [her] substantial prejudice." *Gonzalez-Oropeza*, 321 F.3d at 1333 (citations omitted). Under 8 C.F.R. § 1003.1(e)(4), the BIA may summarily affirm if the member determines (1) that the result was correct; (2) that any errors were harmless or nonmaterial; and (3) that either (i) the issues on appeal were "squarely controlled by existing . . . precedent and [did] not involve the application of precedent to a novel factual situation," or (ii) the issues were not so substantial"

5

that a written opinion was warranted. *Id.* "Thus, under the regulations, no entitlement to a full opinion by the BIA exists." *Gonzalez-Oropeza*, 321 F.3d at 1333. We have determined that, when the BIA properly follows the regulatory requirements, a summary affirmance does not violate due process. *Mendoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1288-89 (11th Cir. 2003).

The record here reveals that the BIA complied with the regulatory requirements for the summary affirmance procedure. Thus, there was no denial of due process. *See Mendoza*, 327 F.3d at 1288-89. Moreover, because Chanero has failed to establish how she was prejudiced by the decisional process, her constitutional claim has no merit and we lack jurisdiction to review it. Accordingly, we dismiss the petition in part as to this issue.

**PETITION DENIED IN PART; DISMISSED IN PART.**