[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11020
Non-Argument Calendar
_____

Agency No. A029-543-994

PEDRO VINCENTE SONTAY,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(January 22, 2018)

Before MARCUS, MARTIN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Pedro Vincente Sontay petitions for review of the Board of Immigration

Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") denial of

Sontay's application for special rule cancellation of removal, 8 C.F.R. § 1240.66,

Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, div. C, § 309(f), 110 Stat. 3009, 3009-625 (1996), as amended by Nicaraguan Adjustment and Central American Relief Act ("NACARA"), Pub. L. No. 105-100, tit. II, § 203(b), 111 Stat. 2160, 2198 (1997); asylum under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1158(a); and withholding of removal under 8 U.S.C. § 1231(b)(3). In his petition, Sontay argues that: (1) the BIA and IJ improperly denied his claim for special rule cancellation of removal under NACARA -- an issue over which the government says we lack jurisdiction; and (2) the BIA and IJ erred in denying him asylum and withholding of removal by failing to consider his combat experience as a soldier in the Guatemalan army when determining that he did not suffer past persecution on account of a statutorily-protected ground and by failing to consider his eligibility for discretionary relief after finding that conditions in Guatemala had changed. After thorough review, we deny the petition in part and dismiss it in part.

We determine our subject matter jurisdiction de novo. Resendiz–Alcaraz v. U.S. Att'y Gen., 383 F.3d 1262, 1266 (11th Cir.2004). Where we have jurisdiction, we review only the decision of the BIA, except to the extent the BIA expressly adopts the IJ's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). Where the BIA agrees with the IJ's reasoning, we will also review the IJ's decision to that extent. Ayala v. U.S. Att'y Gen., 605 F.3d 941,

2

948 (11th Cir. 2010).   On appeal from the BIA's decision, we review legal questions de novo.  Zhou Hua Zhu v. U.S. Att'y Gen., 703 F.3d 1303, 1307 (11th Cir. 2013).   Factual determinations are reviewed under the substantial-evidence test, which requires us to view the record in the light most favorable to the agency's decision and draw all reasonable inferences in its favor.  Adefemi v. Ashcroft, 386 F.3d 1022, 1026–27 (11th Cir. 2004) (en banc).

First, we conclude that we lack jurisdiction to review Sontay's argument that the BIA and IJ erred in determining that he was ineligible for special rule cancellation of removal under NACARA § 203.   NACARA § 203 amended IIRIRA § 309(c) to create a special rule for cancellation of removal for certain aliens.  Pub. L. No. 105–100, § 203, 111 Stat. 2160 (1997).  Aliens eligible for special rule cancellation of removal include "registered ABC class member[s] who [have] not been apprehended at the time of entry after December 19, 1990."  8 C.F.R. § 1240.61(a)(1).  A "registered ABC class member" refers to the settlement class in American Baptist Churches, et al. v. Thornburgh, 760 F. Supp. 796 (N.D. Cal. 1991), and includes "[a]ny Guatemalan national who first entered the United States on or before October 1, 1990."  8 C.F.R. § 1240.60.

NACARA § 203 also contains a jurisdiction-stripping provision, however, providing that "[a] determination by the Attorney General as to whether an alien satisfies the requirements of this clause [. . .] is final and shall not be subject to

3

review by any court." IRRIRA § 309(c)(5)(C)(ii), as amended by NACARA § 203(a)(1). Accordingly, we lack jurisdiction to review a determination as to whether an applicant's status should be adjusted under NACARA. Frech v. U.S. Att'y Gen., 491 F.3d 1277, 1280 (11th Cir. 2007).

Nevertheless, we always possesses jurisdiction to review "constitutional claims or questions of law" in a petition for review. 8 U.S.C. § 1252(a)(2)(D); see also Frech, 491 F.3d at 1280; Jiminez-Galicia v. U.S. Att'y Gen., 690 F.3d 1207, 1210 (11th Cir. 2012). We must look closely at a petitioner's actual arguments, not just his description of his claims, to determine whether he raises a constitutional claim or question of law. Jiminez-Galicia, 690 F.3d at 1211. When a petitioner merely alleges that the BIA applied an incorrect legal standard in an attempt to frame a challenge to the BIA's factual determinations as a question of law, we lack jurisdiction to review the BIA's decision. Garcia v. U.S. Att'y Gen., 329 F.3d 1217, 1222 (11th Cir. 2003). A "garden-variety abuse of discretion argument" that the agency failed to properly weigh the facts does not amount to a legal question. Alvarez Acosta v. U.S. Att'y Gen., 524 F.3d 1191, 1196-97 (11th Cir. 2008).

As applied here, we lack jurisdiction to review Sontay's claim concerning special rule cancellation of removal under NACARA § 203. Regardless of the labels he has used, an examination of his actual arguments reveals that he raises, at bottom, a challenge to the agency's factual determination that he was ineligible for

4

relief under NACARA § 203.  Sontay's claim revolves entirely around the resolution of the discrepancies in his prior applications and his testimony, and the BIA's and IJ's weighing of the record evidence.  His argument that the BIA and IJ implicitly required him to corroborate his testimony is functionally a challenge to the agency's finding that he did not present sufficient evidence to carry his burden of proof.  This is especially true since the BIA identified the correct standard of review, which Sontay concedes.  Therefore, Sontay's ultimate contention that the agency failed to properly weigh the facts is not a legal question.  See Alvarez Acosta, 524 F.3d at 1196-97.  Because Sontay's petition does not raise a constitutional claim or an actual question of law, the BIA's and IJ's factual determination that he was not entitled to relief under NACARA is final, and we lack jurisdiction to review it.  See Frech, 491 F.3d at 1280. Accordingly, we dismiss the petition for review in this respect.

Next, we are unpersuaded by Sontay's claim that the BIA and IJ erred by denying him asylum and withholding of removal.  An applicant for asylum must meet the INA's definition of a refugee.  8 U.S.C. § 1158(b)(1). The INA defines a refugee as a person "who is unable or unwilling to return to, and is unable or unwilling to avail himself . . . of the protection of" his home country due to "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion."   8

5

U.S.C. § 1101(a)(42)(A).  Accordingly, an alien must establish eligibility for asylum by showing specific and credible evidence of either: (1) past persecution on account of a statutorily-protected ground, or (2) a "well-founded fear" of future persecution on account of a protected ground.  Diallo v. U.S. Att'y Gen., 596 F.3d 1329, 1332 (11th Cir. 2010); 8 C.F.R. § 208.13(a), (b).

A finding of past persecution creates a rebuttable presumption that the applicant has a well-founded fear of future persecution.  8 C.F.R. § 1208.13(b)(1).  Once he demonstrates past persecution, the burden shifts to the government to show by a preponderance of the evidence that: (1) "[t]here has been a fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution" on account of a protected ground; or (2) "[t]he applicant could avoid future persecution by relocating to another part of the applicant's country of nationality . . . , and under all the circumstances, it would be reasonable to expect the applicant to do so."  8 C.F.R. § 208.13(b)(1)(i)(A)-(B); see Kazemzadeh v. U.S. Att'y Gen., 577 F.3d 1341, 1351-52 (11th Cir. 2009).  Neither the INA nor the regulations define "persecution," but we've said that "persecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and that mere harassment does not amount to persecution."  Sanchez Jimenez v. U.S. Att'y Gen., 492 F.3d 1223, 1232 (11th Cir. 2007).

Both past and future persecution must be on account of race, religion, nationality, membership in a particular social group, or political opinion. Id. The BIA has defined a "particular social group" as persons who "share a common, immutable characteristic . . . such as sex, color, or kinship ties, or in some circumstances . . . a shared past experience such as former military leadership or land ownership." Matter of Acosta, 19 I. & N. Dec. 211, 233 (BIA 1985), overruled on other grounds by Matter of Mogharrabi, 19 I. & N. Dec. 439, 447 (BIA 1987). However, we've acknowledged a general rule that those actively engaged in jobs like the police or military who are exposed to risks normally associated with that kind of employment do not suffer persecution on account of a protected ground. Castillo-Arias v. U.S. Att'y Gen., 446 F.3d 1190, 1194, 1198 (11th Cir. 2006) ("[N]othing in the record . . . compel[s] us to conclude that noncriminal informants working against the Cali cartel warrant an exception to the general rule that those who engage in risks similar to those of the police or military, regardless of motive, do not receive protection as a particular social group under the INA.") (citing Matter of Fuentes, 19 I. & N. Dec. 658 (BIA 1988)).

Further, an alien fails to establish past persecution on account of a protected ground when he does not know the identity of either his alleged persecutors, or the reason for the persecution. See Silva v. U.S. Att'y Gen., 448 F.3d 1229, 1237-39 (11th Cir. 2006) (holding that petitioner did not establish past persecution on

7

account of a protected ground when she was shot in a car at by unknown assailants and received anonymous phone calls and a "condolence note").  Failure to report persecution to local government authorities is generally "fatal to an asylum claim," unless a petitioner "convincingly demonstrates" that those authorities would have been unable or unwilling to protect him.  Lopez v. U.S. Att'y Gen., 504 F.3d 1341, 1345 (11th Cir. 2007).

That a petitioner's close family members have remained unharmed in his home country indicates that he does not possess a well-founded fear of future persecution.  See Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1259 (11th Cir. 2006) (holding that petitioner did not demonstrate a future threat to his life or freedom in Colombia when his son and parents had remained unharmed in the region where he was allegedly threatened).  Similarly, voluntary returns to a home country may weaken or undermine an applicant's claim of persecution.  De Santamaria v. U.S. Att'y Gen., 525 F.3d 999, 1011 (11th Cir. 2008).

An applicant for withholding of removal bears the burden of establishing that it is "more likely than not" that he will be persecuted or tortured on account of a protected ground upon being returned to his country.  Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1232 (11th Cir. 2005) (quotation omitted).  If he is unable to prove his entitlement to asylum relief, he is generally precluded from qualifying for withholding of removal under this more stringent standard.  Id. at 1232-33.

Here, substantial evidence supports the BIA's and IJ's denial of asylum and withholding of removal. First, contrary to Sontay's argument, the BIA and IJ did not err in failing to consider his combat experience when finding that he did not suffer past persecution. Being fired at by guerillas while he was in active military service did not constitute past persecution, since this was a risk normally associated with employment as a soldier. See Castillo-Arias, 446 F.3d 1198. If this were not the case, all combat veterans would have a claim to asylum in the United States. Instead, Sontay was required to establish past persecution from his post-military experiences, which the BIA and IJ found he failed to do.

As the record reveals, the post-military incidents Sontay complained of in Guatemala were not sufficiently extreme to rise to the level of persecution. See Sanchez Jimenez, 492 F.3d at 1232. Sontay testified that masked men came to his house, asking for him for unknown reasons, but they did not harm him, threaten him, or take anything from him or his family, and he did not know if they had ever harmed anyone. See id.; Silva, 448 F.3d at 1237-39.

Additionally, substantial evidence supported the agency's determination that Sontay did not show nexus, or persecution on account of a protected ground. Even assuming that former members of the military constituted a particular social group, Sontay admitted that he did not know who the masked men were, nor did he know their motivations. As a result, Sontay could not show that he was being persecuted

9

on account of being a former solider, or any other protected ground.  See Silva, 448 F.3d at 1238-39.  Further, because Sontay could not identify the masked men, and did not present any evidence that he reported the incidents to the local authorities, he could not argue convincingly that the authorities were unable or unwilling to protect him.  See Lopez, 504 F.3d at 1345.

As for Sontay's argument that the BIA and IJ were required to determine whether he was entitled to discretionary relief after determining that conditions in Guatemala had changed, we disagree.  When an applicant establishes past persecution, the government may rebut the resulting presumption of a well-founded fear of future persecution by showing that country conditions have changed.  See 8 C.F.R. § 208.13(b)(1)(i)(A)-(B); Kazemzadeh, 577 F.3d at 1351-52.  Here, both the BIA and IJ determined that Sontay never established past persecution, so no finding of changed country conditions ever came into play to counter any rebuttable presumption.  Rather, the BIA and IJ squarely found that he had not shown a well-founded fear of future persecution in Guatemala.

Substantial evidence also supported the BIA's and IJ's determination that Sontay did not establish a well-founded fear of future persecution independent of the rebuttable presumption.  The civil war which Sontay fought in as a member of the military ended more than 20 years ago, and the guerilla organization he fought against was disbanded.  Further, Sontay testified that he voluntarily returned to

Guatemala for a two-week period in 1998 to visit his mother, which, while not dispositive, undermined his claim that he subjectively feared returning to Guatemala. See De Santamaria, 525 F.3d at 1011. Additionally, Sontay testified that his family had remained in Guatemala after he left, and had never been harmed or threatened. See Ruiz, 440 F.3d at 1259. Accordingly, Sontay did not show an objectively reasonable basis for his fear of returning to Guatemala, and substantial evidence supported the denial of his application for asylum. See Diallo, 596 F.3d at 1332; Adefemi, 386 F.3d at 1026–27.

Because Sontay has not shown that he was entitled to asylum based on either past persecution or a well-founded fear of future persecution, his withholding of removal claim necessarily fails for the same reasons under that more stringent standard. See Sepulveda, 401 F.3d at 1232-33. Accordingly we deny his petition in this respect.

**PETITION DISMISSED IN PART, DENIED IN PART.**

11