[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-10570
Non-Argument Calendar
_____

Agency No. A205-033-507

LUCIANO ANACLETO REYES REYES,
a.k.a. Rodolfo Garcia-Garcia,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(October 2, 2020)

Before WILLIAM PRYOR, Chief Judge, JORDAN and BRANCH, Circuit Judges.

PER CURIAM:

Luciano Anacleto Reyes Reyes, a native and citizen of Guatemala, petitions for review of a decision that affirmed his order of removal following the denial of his application for cancellation of removal. 8 U.S.C. § 1229b(b)(1). Reyes challenges the denial of his fourth request for a continuance. He also challenges the ruling of the Board of Immigration Appeals that he was not deprived of due process by being required to proceed with substitute counsel instead of his retained counsel. We deny Reyes's petition.

We apply two standards of review to Reyes's petition. We review the denial of a motion for a continuance for abuse of discretion, *Chacku v. U.S. Att'y Gen.*, 555 F.3d 1281, 1285 (11th Cir. 2008), under which our "review is limited to determining whether . . . [there has been an exercise of administrative] discretion in an arbitrary or capricious manner," *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009). We review *de novo* whether an alien is deprived of due process by being required to proceed without his counsel of choice. *See Lapaix v. U.S. Att'y Gen.*, 605 F.3d 1138, 1143 (11th Cir. 2010).

We cannot say that it was arbitrary and capricious to deny Reyes's fourth motion to continue. Reyes succeeded in postponing his removal proceedings for several years, after which he offered no "good cause," see 8 C.F.R. § 1003.29, to justify another delay. After the Department of Homeland Security charged Reyes for entering the United States illegally in 2012, *see* 8 U.S.C. § 1182(a)(6)(A)(1),

2

his retained counsel Lorne Kelman and his associates had Reyes's removal proceedings continued to May 2016 to complete his sentence of probation for driving while under the influence and later to April 2018 for his wife to litigate her immigration proceeding. At Kelman's request, the immigration judge scheduled Reyes's removal hearing for April 11, 2018, so Kelman could observe Passover outside the United States. Despite the immigration judge's warning that Reyes would receive no further continuances absent "truly extraordinary circumstances," Kelman sought, without success, to continue the removal hearing until the summer of 2018 on the ground he had a case set for trial on April 13, 2018. On April 11, 2018, substitute counsel appeared with Reyes solely to request another continuance. The immigration judge did not abuse his discretion by refusing to delay further the removal hearing when Kelman was available to represent Reyes.

We cannot say that the Board erred in ruling that Reyes was not denied due process by being required to proceed without Kelman. Reyes had a right to be represented by the counsel of his choice, but we cannot disturb the decision of the Board unless Reyes proves that he was substantially prejudiced by counsel's absence. *See Frech v. U.S. Att'y Gen.*, 491 F.3d 1277, 1281 (11th Cir. 2007). To prove substantial prejudice, Reyes must establish that, but for the absence of his counsel of choice, the outcome of his removal proceeding would have been different. *Lapaix*, 605 F.3d at 1143. Reyes argues that, without Kelmar present, he

3

"could not testify and explain whether . . . his child [continued to] suffer[]" from a developmental delay first "experienced in 2010." But Reyes could have asked to testify even though his substitute counsel declined to present evidence. And Reyes does not argue that his child's condition was long-lasting or that his child would suffer an exceptional and unusual hardship if he was removed to Guatemala. Because Reyes fails to establish that Kelman's presence might have changed the immigration judge's decision, Reyes cannot prove that the decision to proceed with substitute counsel violated his right to due process.

We **DENY** Reyes's petition for review.